**Louise M. CAPLAN, Petitioner,**

**v.**

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 02–1096.

United States Court of Appeals, District of Columbia Circuit.

Nov. 12, 2002.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

ON PETITION FOR REVIEW OF AN ORDER OF THE DEPARTMENT OF TRANSPORTATION

PER CURIAM.

*JUDGMENT*

This petition for review of an order of the Department of Transportation was considered on the briefs and appendices filed by the parties. It is

ORDERED AND ADJUDGED that the petition for review be denied for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

*MEMORANDUM*

Petitioner's claim that the Department of Transportation failed to investigate her complaint is belied by the agency's July 11, 2002, decision summarizing the results of its "investigation." As to petitioner's argument that DOT was additionally required to adjudicate her complaint on the merits, petitioner offers no persuasive reason to stretch the plain meaning of "investigate," as used in 49 U.S.C. § 41705(c)(1), to include such a requirement. *Cf. Brotherhood of Railway & Steamship Clerks v. Association for the Benefit of Non–Contract Employees,* 380 U.S. 650, 662, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965) (Railway Labor Act's requirement that agency "investigate" representation disputes did not mandate that the investigation "take any particular form"; an "investigation is es-

sentially informal, not adversary") (internal quotations omitted). Moreover, petitioner's contention, based entirely on the National Council on Disability's written recommendations to Congress, that Congress intended to include this requirement in § 41705 is unavailing because the Council's report nowhere suggests that DOT be required to adjudicate separately every administrative complaint, and the Council's recommendations in any event do not bind Congress. Nor has petitioner rebutted the presumption that DOT's discretionary decision not to initiate an enforcement proceeding in response to her complaint is non-reviewable. *See Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985); *Block v. SEC,* 50 F.3d 1078, 1082 (D.C.Cir.1995). Petitioner points to no statutory or regulatory enforcement standard and does not argue that the agency has adopted a policy that amounts to an abdication of its statutory responsibilities.

Petitioner's procedural due process claim similarly fails because "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona,* 461 U.S. 238, 250 n. 12, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Moreover, neither Congress nor DOT itself has created a liberty interest because neither has imposed limits on DOT's enforcement authority.

As to petitioner's challenge to the DOT–Northwest settlement agreement, petitioner lacks standing to pursue it here because she was denied leave to intervene in the enforcement proceeding that culminated in the agreement. *Water Transp. Ass'n v. ICC,* 819 F.2d 1189, 1192 (D.C.Cir. 1987). This bar applies even though petitioner has standing to challenge the denial of intervention. *See City of Orrville v. FERC,* 147 F.3d 979, 989 n. 12 (D.C.Cir. 1998). And in any event, petitioner's spe-

cific challenge to the agreement—that it allows Northwest, as long as Northwest reduces its 2002 violations to violate the Air Carrier Access Act with impunity in the future—is belied by the agreement itself, which states that it covers only those ACAA violations committed before the settlement agreement became final, on March 13, 2002.

Finally, petitioner's claim that DOT abused its discretion in denying her leave to intervene in the enforcement proceeding against Northwest Airlines is without merit. Petitioner fails to explain why there was "no reason" to seek leave to intervene in the proceeding before the settlement agreement was approved, when she could have pressed her concerns while the parties were still devising the settlement agreement. Moreover, petitioner does not contest DOT's findings that she should have been aware of the enforcement proceeding before the agreement was approved because the proceeding received "wide publicity" from the beginning, and petitioner was familiar with DOT's procedural rules, and that allowing petitioner to intervene would have postponed adoption of the settlement agreement. *Cf. Covelo Indian Community v. FERC,* 895 F.2d 581, 587 (9th Cir.1990) ("Courts are understandably reluctant to force agencies to prolong proceedings for latecomers.").